IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RATASHA ATKINS                                                                                PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:05cv2183KS-MTP

McCLAIN SONICS, INC., d/b/a/SONIC
OF HATTIESBURG and JODIE DIXON                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on cross-motions for summary judgment filed by all parties. The court, having reviewed the motions, the responses, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises, finds that the defendants' motions should be granted in part and denied in part and that the plaintiff's motion should be denied. The court specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff was employed by the defendant McClain Sonics d/b/a Hattiesburg Sonic from approximately 2002 to March 19, 2005. She was eighteen when she began and was employed as a car hop at the Highway 49 North Sonic in Hattiesburg, Mississippi and was from time to time also utilized as a trainer of new staff for other McClain Sonic locations when new stores were opened.

According to the allegations of the complaint, the plaintiff was subjected to sexual harassment in the workplace primarily by the Highway 49 Sonic general

manager and part owner, defendant Jodie Dixon.  Dixon allegedly began with sexual innuendoes, statements and comments, unwelcome touches, then requests for sex, requests for sex-for-pay, forced sex and then consensual sex under duress and coercion for pay.

The plaintiff instituted this cause of action against the corporate defendants McClain Sonics, Sonic of Hattiesburg (49 Sonic), and individual defendants Jodie Dixon (and Thomas Boone in a companion case).  The plaintiff asserted Title VII claims against the corporate defendants, a §1981 claim against all defendants, and supplemental claims for the alleged assault of the plaintiff by individual defendant Dixon.

The individual defendant Dixon originally denied any sexual contact with the plaintiff but later recanted and now admits that he had sexual liaisons with the plaintiff as much as twice a week for three years.  He contends that he paid from $100 to $200 for each sexual escapade.  Dixon also contends that the sexual relations between himself and the plaintiff were entirely consensual.  All parties have moved for summary judgment and the matter is ripe for decision.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The

existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the

Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.

The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

### PLAINTIFF'S CLAIMS

#### A.  SEXUAL DISCRIMINATION

The plaintiff has filed a claim for gender/sex discrimination in addition to a sexual harassment claim. In order to support a claim of gender discrimination, the plaintiff would have to offer proof that similarly situated male employees were treated more favorably than she was.  *See, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L.Ed.2d. 207, 215 (1981).  The plaintiff has not attempted to do this and instead has specifically alleged facts of sexual harassment regarding the offending supervisor and the circumstances related thereto.  The claim of gender/sexual discrimination is therefore dismissed.

#### B.  SEXUAL HARASSMENT

Where a plaintiff seeks to hold her employer vicariously liable for the alleged

sexual harassment of her supervisor, the court must first determine whether the plaintiff has suffered a "tangible employment action." *See, Casiano v. AT&T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000). The *Casiano* Court instructs that if this court concludes that a tangible employment action was taken against the plaintiff, the case is classified as one of *quid pro quo* harassment and the employer is liable. If however the court concludes that the plaintiff was not the subject of a tangible employment action then the claim is classified as a "hostile environment" harassment case and the employer has the opportunity to assert the *"Ellerth/Faragher* affirmative defense." *Id.* at 283-84.

The plaintiff contends that she suffered a tangible employment action by virtue of the fact that her hours were cut and that she was made to work undesirable shifts and that she was ultimately fired for failing to succumb to Dixon's continued requests for sex. However, McClain has produced evidence that the plaintiff's hours were not cut but, in fact, appear to have been increased during the waning days of her employment. Regardless, the circumstances surrounding the ultimate termination of the plaintiff are less than pellucid.

There is no dispute that on March 19, 2005, Dixon told the plaintiff to "clock out and go home" when the plaintiff refused to move a ketchup box while wearing roller skates. Dixon called the plaintiff a short time later but the plaintiff refused to return his call and never returned to work. The plaintiff has testified that she thinks that she could have returned to work but did not want to go through any more harassment. Clearly, there is a factual dispute as to whether or not the plaintiff suffered a tangible employment action which precludes summary judgment for any party.

If the plaintiff is unable to prove a tangible employment action, her claim is one

for hostile work environment. In order for the plaintiff to establish that her work environment was in fact hostile, she must prove: "(1) [s]exually discriminatory intimidation, ridicule and insults, which are (2) sufficiently severe or pervasive that they (3) alter the conditions of employment and (4) create an abusive working environment." *DeAngelis v. El Paso Municipal Police Officers Association*, 51 F.3d 591, 594 (5th Cir. 1995)(citing *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

There is no doubt in this court's mind that the conduct alleged, some of which is admitted to by Dixon, satisfies all four of these requirements. If the court concludes that the acts of the offending supervisor were severe and pervasive the defendants are vicariously liable for Dixon's acts of sexual harassment subject to the two-pronged affirmative defense alluded to above.

In order to avoid vicarious liability because of Dixon's actions, the defendants must prove both that "(1) [they] exercised reasonable care to prevent and correct promptly any such sexual harassment, and (2) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Casiano*, 213 F.3d at 284, (citing *Burlington Industries Inc. v. Ellerth*, 524 U.S. 742 at 765, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)).

The defendants assert that they did indeed exercise reasonable care to prevent and to promptly correct the alleged sexual harassment. The defendants have presented a copy of the policy regarding the prohibition of sexual harassment which was made available to all employees. They also point to the prominent posting of the policy on the premises where the plaintiff worked. This policy set forth the Company's

position in opposition to sexual harassment and provided a detailed procedure for one who felt his/her rights had been violated to follow in reporting the offending conduct.

The plaintiff contends that she never saw the prominent posting and was not given a copy of the employee manual containing the policy.  Further, she contends that she complained continually to Dixon, who was a co-owner, about the harassment and that it would have been fruitless to pursue reporting the harassing activity to anyone else.  Thus, under the second prong of the affirmative defense, the defendants have alleged that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

The court concludes that there are genuine issues of material fact regarding these allegations which prevents the entry of summary judgment as to any party.  The fact that Dixon was a co-owner as well as the one accused of the harassing behavior, some of which he has admitted, is what takes this case a step beyond the normal supervisor liability situation.

### C. EMPLOYMENT DISCRIMINATION UNDER 42 U.S.C. § 1981

The law in this circuit regarding employment discrimination cases is that the elements of substantive claims under 42 U.S.C. § 1981 and Title VII (42 U.S.C. § 2000(e)) are the same.  *Rivera v. City of Wichita Falls*, 665 F. 2d 531, 534, fn. 4 (5th Cir. 1982).  *See also, Page v. U.S. Industries, Inc.*, 726 F. 2d 1038, 1041, fn. 2 (5th Cir. 1984).  In order to prevail in the absence of direct evidence of discrimination, the plaintiff must first establish a prima facie case of discrimination.

The Supreme Court set forth the standards for establishing a prima facie case in

*McDonnell Douglas v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Applying the *McDonnell Douglas* factors to this case, the plaintiff must show (1) that she is a member of a protected group, (2) that she was qualified and doing her work well enough to meet her employer's legitimate expectations, (3) she was discharged, and (4) she was replaced by a member of a non-minority group.

If a plaintiff is successful in establishing a prima facie case of discrimination, a presumption is created that the employer unlawfully discriminated against the employee. This presumption places upon the defendant the burden of producing evidence to rebut the prima facie case. This evidence of rebuttal is generally described as a "legitimate non-discriminatory reason" for the employment action. Once the defendant produces a non-discriminatory reason for the employment action, then the defendant has met its burden of production and the prima facie case is rebutted. The Plaintiff must then demonstrate that the Defendant's proffered reason was not the real reason for the employment action and must further prove that race was. *See St. Mary's Honor Center v. Hicks*, 509 U.S. ____, 113 S. Ct. 2742, 125 L. Ed. 2d 407, 415-416 (1993).

As the Fifth Circuit has explained, a "plaintiff can demonstrate that the reason was pretextual in two ways, 'either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer, or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Hall v. Gilman, Inc.*, 81 F. 3d 35, 37 (5th Cir. 1996), citing *Thornbrough v. Columbus and Greenville R. Company*, 760 F. 2d 633, 639 (5th Cir. 1985)(citing *Texas Dept. of Community Affairs v.*

*Burdine*, 450 U.S. 248, 255, n. 8, 101 S. Ct. 1089, 1094, n. 8, 67 L. Ed. 2d 207 (1981)). The court is mindful that this matter is being considered at the summary judgment and "the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." *Id.,*(citing *Thornbrough*, 760 F. 2d at 646).

> Thus a jury issue will be presented and a plaintiff can avoid summary judgment and judgment as a matter of law if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains. The employer, of course, will be entitled to summary judgment if the evidence taken as a whole would not allow a jury to infer that the actual reason for the discharge was discriminatory.

*Rhodes v. Guiberson Oil Tools*, 75 F. 3d 989, 994 (5th Cir. 1996) (en banc).

Therefore, in order to avoid summary judgment the plaintiff must offer evidence which creates a fact issue regarding the employer's stated reason for the employment action <u>and</u> which creates an inference of racial discrimination. It is not enough that the plaintiff offer merely evidence tending to indicate that the employer's stated reason for the employment action is pretextual, the plaintiff must go further and provide evidence from which the fact finder could infer racial discrimination in that employment action.

The plaintiff has presented absolutely no proof that she was discriminated against on the basis of her race and this claim shall be dismissed.

### D. **EQUAL PAY ACT CLAIM**

The plaintiff has conceded that she does not have an Equal Pay Act claim and

this cause of action shall be dismissed.

### E. FALSE IMPRISONMENT

The plaintiff argues an assault and battery claim as well as a false imprisonment claim. However, she has only charged a false imprisonment claim in her complaint. Regardless, the plaintiff concedes that the statute of limitations has run on her intentional claims, as well she must. Thus all of her intentional misconduct state law claims shall be dismissed as to all parties.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' motions for summary judgment, **[Sonic #113]** and **[Dixon #117]** are Granted in part and the plaintiff's claims of gender/sexual discrimination, racial discrimination, equal pay violations and false imprisonment are dismissed with prejudice; the motions are Denied as to the plaintiff's claims of sexual harassment, both *quid pro quo* and hostile work environment.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's motion for summary judgment **[#119]** is Denied.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 8th day of March, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE